UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

IN RE METRIS COMPANIES, INC.
SECURITIES LITIGATION

Civil Action No. 02-CV-3677 JMR/FLN

---

**PRELIMINARY ORDER IN CONNECTION
WITH SETTLEMENT PROCEEDINGS**

WHEREAS, in May 2007, Class Representative Michael Brody Pettit ("Class Representative") on behalf of himself and the Class, by and through his attorneys Stull, Stull & Brody and Weiss & Lurie (collectively, "Class Counsel") and Defendants Metris Companies, Inc. ("Metris"), Ronald N. Zebeck and David Wesselink (collectively, the "Defendants"), by and through their attorneys ("Defendants' Counsel") in the above-entitled action (the "Action") entered into a Stipulation and Agreement of Settlement (the "Stipulation") which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, set forth the terms and conditions for the proposed settlement of the claims alleged in the Action as against the Defendants on the merits and with prejudice; and the Court having read and considered the Stipulation and the accompanying documents; and the Parties to the Stipulation having consented to the entry of this Preliminary Order in Connection with the Settlement Proceedings (the "Preliminary Approval Order"); and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. A hearing (the "Settlement Fairness Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court on Tuesday, March 25, 2008, at 10:00 a.m. for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b) to determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint filed herein, on the merits and with prejudice as against the Defendants, and to determine whether the release by the Class of the Settled Claims, as set forth in the Stipulation, should be provided to the Released Parties;

(c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable, and should be approved by the Court;

(d) to consider Class Counsel's motion for an award of attorneys' fees and expenses;

(e) to consider Class Counsel's motion for reimbursement to the Class Representative of his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class; and

(f) to rule upon such other matters as the Court may deem appropriate.

2. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Stipulation and dismissing

the Complaint as against the Defendants on the merits and with prejudice regardless of whether it has approved the Plan of Allocation, awarded attorneys' fees and expenses or awarded reimbursement to the Class Representative for his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class.

3. The Court approves the form, substance and requirements of the Notice and the Proof of Claim and Release form ("Proof of Claim") annexed hereto as Exhibits 1 and 2 respectively.

4. The Court approves the appointment of Berdon Claims Administration LLC ("Berdon") as the Claims Administrator. The Claims Administrator shall cause the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees, and Settlement Fairness Hearing (the "Notice") and the Proof of Claim, substantially in the forms annexed hereto, to be mailed, by first class mail, postage prepaid, on or before fourteen (14) days following the execution of this order to all Class Members who can be identified with reasonable effort. When providing notice of settlement and distribution of the Settlement Fund, the Claims Administrator may use the Metris' shareholder lists previously provided by Defendants for the purposes of providing notice of pendency to the Class. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons who purchased or otherwise acquired Metris common stock for the Class Members as record owners but not as beneficial owners. Such nominee purchasers or holders are directed, within seven (7) days of their receipt of the Notice, to either forward copies of the Notice and Proof of Claim to their beneficial owners or to provide the Claims Administrator with lists of the

names and addresses of the beneficial owners, and the Claims Administrator is ordered to send the Notice and Proof of Claim promptly to such beneficial owners.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners are directed to send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice and Proofs of Claim to beneficial owners.  Class Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of mailing of the Notice and Proof of Claim.

5. The Court approves the form of Summary Notice of Pendency and Proposed Settlement of Class Action ("Summary Notice") in substantially the form and content annexed hereto as Exhibit 3 and directs that Class Counsel shall cause the Summary Notice to be published in the national edition of *The Wall Street Journal* within ten (10) calendar days of the mailing of the Notice.  Class Counsel shall, at or before the Settlement Fairness Hearing, file with the Court proof of publication of the Summary Notice.

6. The form and content of the Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of

1995, the due process clause of the United States Constitution, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

7. In order to be entitled to participate in the Net Settlement Fund, in the event the Settlement is effected in accordance with all of the terms and conditions set forth in the Stipulation, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Proof of Claim, substantially in the form attached hereto as Exhibit 2, must be sent to the Claims Administrator no later than Friday, May 9, 2008. Such deadline may be further extended by Court order. Each Proof of Claim shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided such Proof of Claim is actually received prior to the motion for an order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received at the address designated in the Notice. If a Proof of Claim is submitted by facsimile, the claimant should retain their facsimile confirmation sheet. If a Proof of Claim is submitted electronically via the Claims Administrator's website, the claimant should retain the electronic confirmation from the Claims Administrator.

(b) The Proof of Claim submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it

must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

      (c)    As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to effectuation of the Settlement) release all Settled Claims as provided in the Stipulation.

8.    Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless such persons now request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall send the request in written form by first class mail, facsimile or email no later than Friday, February 22, 2008, to the business address or facsimile number or via the website designated in the Notice. Such request for exclusion shall clearly indicate the name, address and telephone number of the person seeking exclusion, that the sender "requests to be excluded from the Class in the Metris Companies Securities Litigation," and must be signed by such person.  Such persons requesting exclusion are also required to state: the date(s), price(s), and number(s) of

shares of all purchase(s), acquisition(s) and sale(s) of Metris common stock during the Class Period.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

9. Class Members who validly request exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

10. The Court will consider objections to the Settlement, the Plan of Allocation, the request for an award of attorneys' fees and reimbursement of expenses or the request for an award to the Class Representative for reimbursement of his reasonable costs and expenses (including lost wages) incurred in representing the Class only if such objections and any supporting papers are sent on or before Friday, February 22, 2008, via U.S. mail or email to the Court, United States District Court for the District of Minnesota, U.S. Courthouse Suite 15E, 300 S. 4th Street, Minneapolis, MN 55415, Email: Metris_Settlement@mnd.uscourts.gov, and copies of all such papers are served on or before February 22, 2008, via U.S. mail or email, upon each of the following: (1) Patrice L. Bishop, Stull, Stull & Brody, located at 10940 Wilshire Blvd., Suite 2300, Los Angeles, CA 90024, Email: Metris@SSBLA.com;  (2) Joseph H. Weiss or Joseph D. Cohen, Weiss & Lurie, located at 551 Fifth Avenue, Suite 1600, New York, NY 10176, Email: Info@WeissLurie.com; (3) Peter W. Carter or Seth Leventhal, Dorsey & Whitney LLP, located at 50 South Sixth Street, Suite 1500, Minneapolis, MN 55402-1498, Email: MetrisSettlement@Dorsey.com;  and (4) David P. Pearson, Winthrop & Weinstine, P.A.,

located at 225 South Sixth Street, Suite 3500, Minneapolis, MN 55402, Email: MetrisSettlement@Dorsey.com.  Pleadings in support of the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of expenses must be filed on or before Thursday, March 13, 2008.

Attendance at the hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, the request for attorneys' fees and reimbursement of expenses, and/or the request for reimbursement to the Class Representative of his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class are required to indicate in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, Class Counsel's application for an award of attorneys' fees and expenses, and/or Class Counsel's application for a compensatory award to the Class Representative and desire to present evidence at the Settlement Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Fairness Hearing.  Attendance at the hearing may be by telephone.  A request to appear telephonically must be included in the writing objecting to the settlement.  If the Court grants the objector's request to speak at the hearing via telephone, Class Counsel will provide the objector with a toll-free telephone number to call the Court and participate in the hearing.  Class Members do not need to appear at the hearing or take any other action to indicate their approval.

11.     Pending final determination of whether the Settlement should be approved, the Class Representative, all Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Settled Claims against any Released Party.

12.     If: (a) the Settlement is terminated pursuant to ¶X of the Stipulation; (b) any specified condition to the Settlement set forth in the Stipulation is not satisfied and the satisfaction of such condition is not waived in writing by Class Counsel and Defendants' Counsel; (c) the Court declines to enter the Preliminary Approval Order in any material respect; (d) the Court refuses to approve this Stipulation or any material part of it; (e) the Court declines to enter the Order and Final Judgment in any material respect and/or Class Counsel and Defendants' Counsel fail to consent to the entry of another form of order ("Alternative Judgment"); (f) the date upon which the Order and Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (g) the date upon which an Alternative Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court, then, in any such event, the Stipulation, including any amendment(s) thereof, and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any party, and may not be introduced as evidence or referred to in any actions or proceedings by any person or entity, and each party shall be deemed to have reverted to their respective status in the Action as of the date and time immediately prior to the execution of this Stipulation.

13. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: Minneapolis, Minnesota, January 11th, 2008

   s/ James M. Rosenbaum
HONORABLE JAMES M. ROSENBAUM
UNITED STATES CHIEF DISTRICT JUDGE