UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

IN RE METRIS COMPANIES, INC.,　　　　Civil Action No. 02-CV-3677 JMR/FLN
SECURITIES LITIGATION

---

## ORDER AND FINAL JUDGMENT

On the day of March 25, 2008, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation and Agreement of Settlement dated as of May 11, 2007 (the "Stipulation") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the action now pending in this Court under the above-caption (the "Action"), including the release of all Settled Claims as against the Defendants and the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants only and as against all persons or entities who are members of the Class herein who have not requested exclusion therefrom; (3) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among the Class Members; (4) whether and in what amount to award Plaintiffs' Counsel attorneys' fees and reimbursement of expenses; and (5) whether and in what amount to award the Class Representative for reimbursement of his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was mailed to a Class consisting of all persons who purchased or otherwise acquired Metris Companies, Inc. ("Metris") common stock during the period from and including November 5, 2001 through and including July 17, 2002, and were damaged thereby, as shown by the records of Metris' shareholder lists, or otherwise, at the respective addresses set forth in such records, and that a summary notice of the hearing substantially in the form approved by the Court was published in the national edition of *The Wall Street Journal* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested; and the Court having considered an award to the Class Representative for reimbursement of his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class; and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for approval of Settlement, plan of allocation, award of attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel [Docket No. 354] is granted, as set forth below.

2. Plaintiffs' motion for an award of costs and reimbursement of expenses to the Class Representative [Docket No. 341] is granted.

3. The Court has jurisdiction over the subject matter of the Action, the Plaintiffs, all Class Members and the Defendants.

4. Excluded from the Class are the putative Class Members listed on Exhibit 1 annexed hereto, who have requested exclusion from the Class.

5. Notice of the pendency of this Action as a class action and of the proposed Settlement was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class Members of the pendency of the action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), due process and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The objection to the Settlement and the Class Representative's request for reimbursement of his reasonable costs and expenses (including lost wages) received from purported class member William Holman has been considered and is overruled.

7. The Settlement is approved as fair, reasonable and adequate, and the Class Members and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

8. The Second Amended Class Action Complaint for Violations of the Federal Securities Laws ("SAC") is hereby dismissed with prejudice and without costs as against the Defendants.

9. Upon the Effective Date of this Settlement, Plaintiffs and members of the Class on behalf of themselves, their heirs, executors, administrators, successors and assigns, shall, with respect to each and every Settled Claim, release and forever discharge, and shall forever be enjoined from prosecuting, either directly or in any other capacity, any Settled Claims against any and all of the Released Parties. In addition, except for the claims under the Stipulation, and agreements, and transactions contemplated in the Stipulation, no Plaintiff or Class Member will voluntarily become a party to any suit or proceeding arising from or in connection with an attempt by or on behalf of any third party to enforce or collect an amount, based on any Settled Claim.

10. Upon the Effective Date of this Settlement, each of the Defendants, on behalf of themselves and the Released Parties, shall release and forever discharge each and every of the Settled Defendants' Claims, and shall forever be enjoined from prosecuting the Settled Defendants' Claims against Class Members, Plaintiffs and Plaintiffs' Counsel.

11. The Stipulation and any proceedings taken pursuant to it:

    a. shall not be offered or received against any of the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession or admission by any of the Defendants with respect to the truth of any allegation in the SAC,

with respect to the truth of any allegation asserted by any of the Plaintiffs or with respect to the validity of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendants;

    b. shall not be offered or received against the Defendants as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Defendants;

    c. shall not be offered or received against any of the Defendants, Plaintiffs or the Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that once the Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

    d. shall not be construed as an admission or concession that the consideration to be given thereunder represents the amount which could be or would have been recovered after trial; and

e. shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable under the SAC would not have exceeded the Gross Settlement Fund.

12. The Plan of Allocation is approved as fair and reasonable, and the Claims Administrator is directed to administer the Settlement in accordance with its terms and provisions.

13. The Court finds that all Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

14. Plaintiffs' Counsel are hereby awarded $1,000,000 in fees, which sum the Court finds to be fair and reasonable, and $1,010,664.58 in reimbursement of expenses, which fees and expenses shall be paid to Plaintiffs' Counsel from the Gross Settlement Fund with interest from the date such Settlement Fund is funded to the date of payment at the same interest rate that the Settlement Fund earns. The award of attorneys' fees shall be allocated among Other Plaintiffs' Counsel in a fashion which, in the opinion of Plaintiffs' Counsel, fairly compensates Other Plaintiffs' Counsel for their respective contributions in the prosecution of the Action.

15. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Gross Settlement Fund, the Court has considered and found that:

    a.  The Settlement has created a fund of $7,500,000 in cash and that numerous Class Members who file acceptable Proof of Claim and Release forms will benefit from the Settlement created by Plaintiffs' Counsel;

    b.  Plaintiffs' Counsel have litigated this Action on a wholly contingent basis;

    c.  The Action involves complex factual and legal issues and was actively prosecuted for over five years and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    d.  Plaintiffs' Counsel and Defendants' Counsel are experienced and skilled law firms which have conducted the litigation and achieved the Settlement with perseverance and diligent advocacy;

    e.  Plaintiffs' Counsel have devoted over twelve (12) thousand hours to achieve the Settlement;

    f.  Over 31,300 copies of the Notice were disseminated to putative Class Members indicating that Plaintiffs' Counsel were moving for attorneys' fees in the amount of up to 28% of the Gross Settlement Fund and for reimbursement of expenses in an amount not to exceed $1,155,000;

    g.  Objections to Plaintiffs' Counsel's request for an award of attorneys' fees were received from purported class member Commonwealth of Pennsylvania State Employees' Retirement System and purported class member William Holman; and

   h.  The amounts of attorneys' fees awarded and expenses reimbursed from the Settlement Fund are appropriate under the circumstances.

  16.  Class Representative Michael Brody Pettit is hereby awarded $20,000, from the Gross Settlement Fund for reimbursement of his reasonable costs and expenses (including lost wages) directly relating to his representation of the Class in prosecuting this Action.

  17.  Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to members of the Class.

  18.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

  **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Minneapolis, Minnesota, April 22nd, 2008.

             s/ James M. Rosenbaum
            THE HONORABLE JAMES M. ROSENBAUM
             UNITED STATES CHIEF DISTRICT JUDGE

# Exhibit 1

EXCLUSIONS:

| Name 1 | Name 2 | Address 1 | Address 2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Floyd Rosenbaum | | 5931 Sanford Rd. | | Houston | TX | 77096 |
| Frank J. Neff | Bonnie Lee Neff | 12103 Tullamore Ct. | Unit 404 | Timonium | MD | 21093 |
| Dr. Roger T. Gregory IRA | | 500 Lauderdale Ave. | | Virginia Beach | VA | 23455-1330 |